The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STEPHANIE SENA

## DEFENDANTS
VILLANOVA UNIVERSITY

**(b)** County of Residence of First Listed Plaintiff: _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esquire | Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. ; 42 U.S.C. §1981; 43 P.S. § 951, et seq.

Brief description of cause:
Race discrimination and retaliation in violation of Federal and State law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 02/03/2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Villanova, PA _____

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| STEPHANIE SENA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| VILLANOVA UNIVERSITY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 02/03/2026 | _/s/_ | Plaintiff, Stephanie Sena |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-689-4137 | kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE SENA,<br><br>    *Plaintiff*,<br><br>  v.<br><br>VILLANOVA UNIVERSITY,<br><br>    *Defendant*. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**I. INTRODUCTION**

Plaintiff, Stephanie Sena, brings this action against her former employer, Villanova University ("Defendant"), for retaliating against Plaintiff as a result of her complaints about and objections to Defendant's race discriminatory conduct, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); 42 U.S.C. §1981 ("Section 1981"); and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff seeks damages, including economic loss, compensatory damages, punitive damages, attorneys' fees and costs, and all other appropriate relief.

**II. PARTIES**

1. Plaintiff, Stephanie Sena, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Media, PA.

2. Defendant is incorporated in Pennsylvania with a principal place of business at 800 E. Lancaster Avenue, Villanova, PA 19085.

3. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

4. At all times material hereto, Defendant employed more than fifteen (15) employees.

5. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6. At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

7. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

### III. JURISDICTION AND VENUE

8. The causes of action which form the basis of this matter arise under Title VII, Section 1981, and the PHRA.

9. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

10. The District Court has jurisdiction over Count II (Section 1981) pursuant to 28 U.S.C. §1331.

11. The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000(e)-5(f).

13. On or about June 25, 2024, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of retaliation alleged herein. This Complaint was cross-filed with the Equal Employment

Opportunity Commission ("EEOC").  Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the PHRC Complaint of Discrimination (with personal identifying information redacted).

14.     On or about August 13, 2024, Plaintiff filed a Second Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of retaliation alleged herein.  This Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein, and marked as Exhibit "2" is a true and correct copy of the Second PHRC Complaint of Discrimination (with personal identifying information redacted).

15.     On or about November 25, 2025, the EEOC issued to Plaintiff a Notice of Right to Sue.  Attached hereto, incorporated herein, and marked as Exhibit "3" is a true and correct copy of the Notice of Right to Sue (with personal identifying information redacted).

16.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

17.     Plaintiff was hired by Defendant in or about August 2003.

18.     Plaintiff last held the position of Full Time Faculty and Anti-Poverty Fellow at Defendant's Charles Widger School of Law, and the position of Adjunct Professor at Defendant's Center for Peace and Justice.

19.     Plaintiff last reported to Mark Alexander ("Alexander"), Dean of the Law School, Andrew Lund ("Lund"), Dean of Academics, and Michael Risch ("Risch"), Vice Dean of the Law School.

20. In October 2021, during an anti-poverty symposium that Plaintiff hosted at Defendant, her student, Antionna Fuller (Black) ("Fuller"), presented on her experiences of racism, among other issues, at Defendant.

21. Following the above, Alexander, Risch, and Candace Centeno ("Centeno"), Dean of Academics, met with Fuller and reprimanded her for speaking against Defendant in her presentation.

22. In or about February 2022, in a meeting with Plaintiff, Risch, Centeno, Matthew Selah ("Selah"), Dean of Admissions, and Kristina Wilhelm-Nelson ("Wilhelm-Nelson"), Director of Financial Aid, among other things:

   a. Risch asked Plaintiff if she had been aware that Fuller was going to speak against Defendant in her presentation;

   b. Selah told Plaintiff that it would be harder to attract Black students to the law school because Fuller spoke publicly about her experience of racism at Defendant; and

   c. Risch commented that Fuller was "lucky" to have gotten into Defendant's law school, as she would not be at Defendant if she were white.

23. Plaintiff objected to the race discriminatory and retaliatory comments and conduct at Defendant.

24. On or about October 4, 2023, in an email to Terry Nance ("Nance"), Head of Diversity, Equity, and Inclusion, and Ariella Robbins ("Robbins"), Head of Diversity, Equity, and Inclusion, Plaintiff complained of race discrimination at Defendant, specifically Defendant's race discriminatory comments and conduct toward and about Fuller, a Black student. Plaintiff stated that Risch had commented that Fuller was "lucky"

4

to have gotten into Defendant's law school, as she would not be at Defendant if she were white.

25. On or about January 30, 2024, in an award committee meeting to decide whether Fuller or another student should be given an award to alleviate law school debt, in a letter from Alexander, he instructed the committee to vote against Fuller for the award because she "maliciously maligned" Defendant in her speech at Plaintiff's anti-poverty symposium when she spoke about her experiences of racism at Defendant.

26. After the January 30, 2024 meeting, certain students told Plaintiff that they were upset about Alexander's instruction, and asked Plaintiff what she thought they should do. Plaintiff recommended that they contact the office of Diversity, Equity, and Inclusion, and stated that they could file a climate concern.

27. On or about January 31, 2024, in a meeting with Robbins, Plaintiff complained of race discrimination at Defendant, specifically Defendant's race discriminatory comments and conduct toward and about Fuller, a Black student. Plaintiff stated that Defendant had engaged in a dangerous pattern of race discrimination.

28. Robbins encouraged Plaintiff to file an ethics complaint.

29. On or about January 31, 2024, following the above, in an ethics complaint submitted to Defendant's EthicsPoint email address, Plaintiff complained of race discrimination at Defendant, specifically Defendant's race discriminatory comments and conduct toward and about Fuller, a Black student. Plaintiff stated that Defendant had engaged in a dangerous pattern of race discrimination.

30. On or about January 31, 2024, following the above, in an email to Robbins, Plaintiff stated that she had filed an ethics complaint.

31. On or about February 16, 2024, in an email to Lund and nine (9) faculty members, Plaintiff complained of race discrimination and objected to Defendant's race discriminatory practices toward students. Plaintiff stated that she wanted to find ways to address racial disparities at Defendant.

32. On or about February 22, 2024, in a meeting with Ann Juliano ("Juliano"), Professor of Law, Plaintiff complained of race discrimination at Defendant, specifically Defendant's race discriminatory comments and conduct toward and about Fuller, a Black student.

33. Juliano stated that Plaintiff's students had committed an ethics violation for discussing the above meeting and race-based concern with her. Plaintiff objected to the same.

34. Following Plaintiff's race discrimination complaints, Plaintiff was treated differently and worse and in a hostile and dismissive manner.

35. Plaintiff's performance was unjustly criticized.

36. Plaintiff was blamed for issues outside her control.

37. On or about June 5, 2024, in a meeting with Jennifer Derry ("Derry"), Human Resources, and Aisha Cooper Faust ("Faust"), Human Resources, they stated that Plaintiff was under investigation.

38. Defendant's stated reasons for investigating Plaintiff were that students had complained about her and that Plaintiff had pressured students to file complaints against the Deans.

39. Plaintiff stated that she did not pressure any students to file a complaint.

6

40. Plaintiff stated that certain students who attended the January 30, 2024 meeting told her that they were upset about Alexander's instruction and asked her what she thought they should do. Plaintiff stated that she recommended that they contact the office of Diversity, Equity, and Inclusion, and that Plaintiff told them that they could file a climate concern.

41. Derry told Plaintiff that she would receive a final decision as to whether her employment would be terminated after Craig Wheeland ("Wheeland"), Provost, made a final decision.

42. On or about June 5, 2024, following the above, Plaintiff provided information and documentation to rebut the false accusations against her.

43. On or about June 6, 2024, Plaintiff requested to see any written complaints that were made about her.

44. On or about June 10, 2024, in emails from Derry, Defendant refused to provide Plaintiff with a copy of any complaints made about her.

45. Derry stated that they were "conducting the full investigation into these complaints," and that the findings would be provided to the Provost's Office.

46. On or about June 11, 2024, in an email from Derry, she stated that she was "still in the process of writing up the report," and that she expected that it would be completed and shared with the Provost's Office shortly.

47. On or about June 25, 2024, Plaintiff filed her first PHRC Complaint.

48. On or about June 25, 2024, following the above, in an email to Jennifer Derry, Assistant Vice President, Human Resources, copying Aisha Cooper Faust, Human Resources, Mark Alexander, Dean of the Law School, Craig Wheeland, Senior Vice

7

Provost for Academics, Ariella Robbins, Assistant Vice President for Diversity, Equity and Inclusion, Plaintiff attached a copy of her first PHRC Complaint and stated the following: "As a courtesy, I want to inform you that I have filed a Complaint of retaliation with the Pennsylvania Human Relations Commission, a copy of which is attached. Thank you."

49. Plaintiff received no response to her above email.

50. On or about July 30, 2024, in a letter from Wheeland, Defendant terminated Plaintiff's employment, effective immediately.

51. Defendant's stated reason for terminating Plaintiff was student complaints.

52. The letter contained false statements and misrepresentations.

53. On or about July 31, 2024, in an email to Wheeland, copying Alexander, Derry, Cooper Faust, and Robbins, Plaintiff stated the following: "I disagree with your statements and your decision to terminate my employment. Your termination letter includes false statements and misrepresentations. In early June, I provided HR with evidence rebutting each of the allegations you make in your letter. Further, I have taught at Villanova University for over 21 years, and in that time have received awards and promotions for my teaching. I believe that I am being retaliated against for objecting to and complaining of race discrimination and filing a PHRC Complaint."

54. Plaintiff received no response to her above email.

55. Defendant failed to investigate Plaintiff's race discrimination and retaliation complaints.

56. Defendant failed to remedy or prevent race discrimination and retaliation about which Plaintiff complained.

57. Defendant investigated Plaintiff because of her race discrimination complaints and/or her objections to race discrimination.

58. Defendant subjected Plaintiff to a hostile work environment because of her race discrimination complaints and/or her objections to race discrimination.

59. Prior to Plaintiff engaging in protected activity as described herein, Plaintiff had no performance or disciplinary issues throughout her more than twenty (20) years of service at Defendant.

60. The retaliatory treatment and hostile work environment to which Plaintiff was subjected by Defendant – consisting of an ongoing series of retaliatory actions by Defendant relating to Plaintiff's race discrimination-based protected activity – constitutes a continuing violation.

61. Defendant's retaliatory conduct and comments have caused Plaintiff emotional distress.

62. Defendant terminated Plaintiff's employment because of her complaints of race discrimination and retaliation.

63. Plaintiff had no opportunity to remain employed with Defendants.

64. Before Plaintiff complained of race discrimination, Plaintiff had no indication that her job was in jeopardy.

65. Defendant retained and did not terminate non-complaining employees.

66. Plaintiff's complaints about Defendant's discriminatory conduct were a motivating and/or determinative factor in connection with Defendant's retaliatory treatment of Plaintiff, including, without limitation, subjecting her to a hostile work environment, subjecting her to a sham investigation and terminating her employment.

67. The retaliatory actions taken against Plaintiff after she complained of discrimination would have discouraged a reasonable employee from complaining of discrimination.

68. Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

69. As a direct and proximate result of the retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

70. The conduct of Defendant, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the imposition of punitive damages against Defendant.

71. The conduct of Defendant, as set forth above, was willful and intentional.

## COUNT I – TITLE VII

72. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

73. By committing the foregoing acts of retaliation against Plaintiff, Defendant has violated Title VII.

74. Said violations were done with malice and/or reckless indifference, and were especially egregious, warranting the imposition of punitive damages.

75. As a direct and proximate result of Defendant's violation of Title VII,

Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

76. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory acts unless and until this Court grants the relief requested herein.

77. No previous application has been made for the relief requested herein.

## COUNT II – SECTION 1981

78. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

79. By committing the foregoing acts of retaliation, Defendant has violated Section 1981.

80. Said violations were done with malice and/or reckless indifference, and were especially egregious, warranting the imposition of punitive damages.

81. As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

82. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory acts unless and until this Court grants the relief requested herein.

83. No previous application has been made for the relief requested herein.

## COUNT III – PHRA

84. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

85. Defendant, by the above improper and retaliatory acts, has violated the PHRA.

86. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

87. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's retaliatory acts unless and until the Court grants the relief requested herein.

88. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of Section 1981;

(c) declaring the acts and practices complained of herein to be in violation of the PHRA;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

  (f) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

  (g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

  (h) awarding punitive damages to Plaintiff under Title VII;

  (i) awarding punitive damages to Plaintiff under Section 1981;

  (j) awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, and the PHRA;

  (k) awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

  (l) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

              **CONSOLE MATTIACCI LAW, LLC**

Dated: February 3, 2026   BY: */s/ Kevin Console*
              Kevin Console, Esquire
              Holly W. Smith, Esquire
              1525 Locust Street, 9th Floor
              Philadelphia, PA 19102
              (215) 545-7676

              *Attorneys for Plaintiff,*
              *Stephanie Sena*