# **EXHIBIT "1"**

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

| | |
|---|---|
| COMPLAINANT: | |
| **STEPHANIE SENA** | Docket No. |
| v. | |
| RESPONDENTS: | |
| **VILLANOVA UNIVERSITY** | |
| and | |
| **MARK ALEXANDER, aider and abettor** | |

1. The Complainant herein is:

   Name:    Stephanie Sena

   Address:    ▮▮▮▮▮▮▮▮▮▮
   Media, PA 19063

2. The Respondents herein are:

   Names:    Villanova University ("Respondent University") and Mark Alexander ("Respondent Alexander"), aider and abettor (collectively, "Respondents")

   Address:    800 E. Lancaster Avenue
   Villanova, PA 19085

3. I, Stephanie Sena, the Complainant herein, allege that I was subjected to unlawful retaliation because of my complaints of and objections to race discrimination, as set forth below.

**<u>Retaliation</u>**

    **A. I specifically allege:**

[1]        I was hired by Respondent University in or about August 2003.

[2]        I am a current employee of Respondent University.

[3]        I currently hold the position of Full Time Faculty and Anti-Poverty Fellow at Respondent University's Charles Widger School of Law, and the position of Adjunct Professor at Respondent University's Center for Peace and Justice.

[4]        I report to Respondent Mark Alexander, Dean of the Law School, Andrew Lund, Dean of Academics, and Michael Risch, Vice Dean of the Law School.

[5]        In October 2021, during an anti-poverty symposium that I hosted at Respondent University, my student, Antionna Fuller (black), presented on her experiences of racism, among other issues, at Respondent University.

[6]        Following the above, Respondent Alexander, Risch, and Candace Centeno, Dean of Academics, met with Fuller and reprimanded her for speaking against Respondent University in her presentation.

[7]        In February 2022, in a meeting with Risch, Centeno, Matthew Selah, Dean of Admissions, and Kristina Wilhelm-Nelson, Director of Financial Aid, Risch asked me if I had been aware that Fuller was going to speak against Respondent University in her presentation. Selah told me that it would be harder to attract black students to the law school because Fuller spoke publicly about her experience of racism at Respondent University. Risch commented that Fuller was "lucky" to have gotten into Respondent University's law school, as she would not be at Respondent University if she were white.

[8] I objected to the race discriminatory and retaliatory comments and conduct at Respondent University.

[9] On October 4, 2023, in an email to Terry Nance, Head of Diversity, Equity, and Inclusion, and Ariella Robbins, Head of Diversity, Equity, and Inclusion, I complained of race discrimination at Respondent University, specifically Respondents' race discriminatory comments and conduct toward and about Fuller, a black student. I stated that Risch had commented that Fuller was "lucky" to have gotten into Respondent University's law school, as she would not be at Respondent University if she were white.

[10] On January 30, 2024, in an award committee meeting to decide whether Fuller or another student should be given an award to alleviate law school debt, in a letter from Respondent Alexander, he instructed the committee to vote against Fuller for the award because she "maliciously maligned" Respondent University in her speech at my anti-poverty symposium when she spoke about her experiences of racism at Respondent University.

[11] Certain students who had heard about the January 30, 2024 meeting told me that they were upset about Respondent Alexander's above instruction and asked me what I thought they should do. I recommended that they contact the office of Diversity, Equity, and Inclusion, and stated that they could file a climate concern.

[12] On January 31, 2024, in a meeting with Robbins, I complained of race discrimination at Respondent University, specifically Respondents' race discriminatory comments and conduct toward and about Fuller, a black student. I stated that Respondents had engaged in a dangerous pattern of race discrimination. Robbins encouraged me to file an ethics complaint.

[13]     On January 31, 2024, following the above, in an ethics complaint submitted to Respondent University's EthicsPoint email address, I complained of race discrimination at Respondent University, specifically Respondents' race discriminatory comments and conduct toward and about Fuller, a black student. I stated that Respondents had engaged in a dangerous pattern of race discrimination.

[14]     On January 31, 2024, following the above, in an email to Robbins, I stated that I had filed an ethics complaint.

[15]     On February 16, 2024, in an email to Lund and nine (9) faculty members, I complained of race discrimination and objected to Respondents' race discriminatory practices toward students. I stated that I wanted to find ways to address racial disparities at Respondent University.

[16]     On February 22, 2024, in a meeting with Ann Juliano, Professor of Law, I complained of race discrimination at Respondent University, specifically Respondents' race discriminatory comments and conduct toward and about Fuller, a black student. She stated that my students had committed an ethics violation for discussing the above meeting and race-based concern with me. I objected to the same.

[17]     Following my race discrimination complaints, I have been treated differently and worse and in a hostile and dismissive manner.

[18]     My performance has been unjustly criticized.

[19]     I have been blamed for issues outside my control.

[20]     On June 5, 2024, in a meeting with Jennifer Derry, Human Resources, and Aisha Cooper Faust, Human Resources, they stated that I was under investigation. The stated reasons were that students had complained about me and that I had pressured students to file

complaints against the Deans. I stated that I did not pressure any students to file a complaint. I stated that certain students who had attended the January 30, 2024 meeting told me that they were upset about Respondent Alexander's instruction and asked me what I thought they should do. I stated that I recommended that they contact the office of Diversity, Equity, and Inclusion, and that I told them that they could file a climate concern. Derry told me that I would receive a final decision as to whether my employment would be terminated after Craig Wheeland, Provost, made a final decision.

[21] On June 5, 2024, following the above, I provided information and documentation to rebut the false accusations against me.

[22] On June 6, 2024, I requested to see any written complaints that were made about me.

[23] On June 10, 2024, in emails from Derry, Respondent refused to provide me with a copy of any complaints made about me. Derry stated that they were "conducting the full investigation into these complaints," and that the findings would be provided to the Provost's Office.

[24] On June 11, 2024, in an email from Derry, she stated that she was "still in the process of writing up the report," and that she expected that it would be completed and shared with the Provost's Office shortly.

[25] Respondents failed to investigate my race discrimination and retaliation complaints.

[26] Respondents failed to remedy or prevent the race discrimination and retaliation at Respondent University.

[27] Respondents investigated me because of my race discrimination complaints and/or my objections to race discrimination.

[28] Respondents subjected me to a hostile work environment because of my race discrimination complaints and/or my objections to race discrimination.

[29] I have had no performance or disciplinary issues throughout my more than twenty (20) years of employment.

[30] The retaliatory-based hostile work environment to which I have been subjected by Respondents constitutes a continuing violation.

[31] Respondents' retaliatory conduct and comments have caused me emotional distress.

[32] Respondent Alexander aided and abettor Respondent University in retaliating against me based on my race discrimination complaints.

B. Respondent has retaliated against me because of my complaints of and objections to race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.* ("1981").

4. The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   **X**   **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):** **(d)**

   ____   Section 5.1 Subsection(s) _____

   ____   Section 5.2 Subsection(s) _____

      \_\_\_\_      Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5. Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    **X**    **This charge will be referred to the EEOC for the purpose of dual filing.**

6. The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

June 25, 2024
(Date Signed)

*Stephanie Sha* (Signature)   Stephanie Sena