**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHANIE SENA, | : | |
| | : | **Case No. 2:26-cv-00679** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| VILLANOVA UNIVERSITY, | : | |
| | : | |
| *Defendant*. | : | |
| | : | |

**DEFENDANT VILLANOVA UNIVERSITY'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Villanova University ("Defendant" or "Villanova"), by and through its undersigned counsel, respectfully submits the following Answer and Affirmative Defenses to the Complaint of Plaintiff Stephanie Sena (Plaintiff") (ECF No. 1), and avers as follows:

## I.   INTRODUCTION[1]

Admitted in part, denied in part.  Villanova admits that Plaintiff has filed the instant lawsuit alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); 42 U.S.C. §1981 ("Section 1981"); and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Villanova denies that it violated Title VII, Section 1981, and the PHRA.  To the contrary, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation.  At no time relevant hereto was Villanova

---

[1] The headings contained in this Answer follow the headings of Plaintiff's Complaint for ease of reference only and do not constitute any admissions by Defendant Villanova University.

motivated by Plaintiff's complaint(s) of race discrimination.  Villanova further denies that Plaintiff is entitled to any relief whatsoever.

## II.   PARTIES

1.      Denied as Villanova is without sufficient information or knowledge to respond to the averments in this paragraph.

2.      Admitted in part, denied in part.  Admitted only that Villanova University is a non-profit institution of higher education with a corporate address at 800 Lancaster Ave., Villanova, PA 19085.   The remaining averments in this paragraph are denied as conclusions of law.

3.      Denied as conclusions of law to which no response is required.

4.      Admitted.

5.      Denied as conclusions of law to which no response is required.

6.      Denied as conclusions of law to which no response is required.

7.      Denied as conclusions of law to which no response is required.

## III.   JURISDICTION AND VENUE

8.      Admitted in part, denied in part.  Villanova admits that Plaintiff has filed the instant lawsuit alleging violations of Title VII, Section 1981, and the PHRA.  Villanova specifically denies that it violated Title VII, Section 1981, and the PHRA.

9.      Denied as conclusions of law to which no response is required. To the extent that a response is required, Villanova does not dispute this Court's subject matter jurisdiction over this matter.

10. Denied as conclusions of law to which no response is required. To the extent that a response is required, Villanova does not dispute this Court's subject matter jurisdiction over this matter.

11. Denied as conclusions of law to which no response is required. To the extent that a response is required, Villanova does not dispute this Court's subject matter jurisdiction over this matter.

12. Denied as conclusions of law to which no response is required. To the extent that a response is required, Villanova does not dispute venue.

13. Admitted in part and denied in part. Villanova admits only that Plaintiff dual-filed an administrative action against Villanova. That document speaks for itself, and any characterizations inconsistent therewith are denied.

14. Admitted in part and denied in part. Villanova admits only that Plaintiff dual-filed a second administrative action against Villanova. That document speaks for itself, and any characterizations inconsistent therewith are denied.

15. Admitted in part and denied in part. Villanova admits only that the EEOC issued a right to sue notice. That document speaks for itself, and any characterizations inconsistent therewith are denied.

16. Denied as conclusions of law to which no response is required. To the extent a response is required, denied.

## IV.    <u>FACTUAL ALLEGATIONS</u>

17. Admitted. By way of further answer, Villanova hired Plaintiff in or around August 2003 as a part-time, adjunct faculty member to teach courses on an as-needed basis in its College of Liberal Arts and Sciences.

18.     Denied as stated. Plaintiff's last appointments by Villanova consisted of an appointment as a full-time Anti-Poverty Fellow in the Charles Widger School of Law, and an appointment as a part-time, adjunct faculty in the Center for Peace and Justice Education within Villanova's College of Liberal Arts and Sciences. The remaining averments in this paragraph are denied.

19.     Denied as stated. Admitted only that, in her role as the Anti-Poverty Fellow at the Law School, Plaintiff generally reported to Mark Alexander (Law School Dean), and to Michael Risch (Vice Dean of Law School) and Andrew Lund (Associate Dean of Academic Affairs of Law School) on certain responsibilities for her role as the Anti-Poverty Fellow. The remaining averments in this paragraph are denied.

20.     Admitted in part and denied in part. Villanova admits only that in October 2021, the Charles Widger School of Law held an Anti-Poverty Symposium organized by Plaintiff. Villanova further admits only that Plaintiff selected Antionna Fuller (the "Student"), a law student who took one of Plaintiff's classes, as a moderator for one of the panels of the symposium. Villanova further admits only that during the symposium, the Student shared public remarks. A video recording of the Student's full public remarks at the symposium is available on Villanova's YouTube page. This video recording speaks for itself and Villanova denies any allegations in this paragraph that are inconsistent with the video's complete substance. The remaining averments in this paragraph are denied.

21.     Admitted in part and denied in part. Villanova admits only that following the symposium, the Student had separate and individual conversations with Mark Alexander (Law School Dean) and Candace Centeno (Dean of Academics of Law School) about her remarks. The remaining averments in this paragraph are denied.

4

22.     Admitted only that a meeting occurred in or around February 2022, which included Plaintiff, Michael Risch (Vice Dean of Law School), Candace Centeno (Dean of Academics of Law School), Matthew Saleh (Assistant Dean of Admissions at the Law School), and Kristina Wilhelm-Nelson (Director of Financial Aid at the Law School).

     a.  Denied as stated. Admitted only that the February 2022 meeting involved a discussion about Plaintiff's responsibilities as the symposium organizer. The remaining averments in this sub-paragraph are denied.

     b.  Denied.

     c.  Denied.

23.     Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

24.     Denied as stated. Admitted only that on October 4, 2023, Plaintiff sent an email to Dr. Teresa (Terry) Nance (then-Vice President for Diversity, Equity and Inclusion) and Ariella Robbins (then-Associate Director of Education & Training for the Office of Diversity, Equity and Inclusion). Plaintiff's email is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize that email in a manner that is inconsistent with its complete substance.  It is specifically denied that Villanova made any discriminatory comments or conduct toward or about the Student. The remaining averments in this paragraph are denied.

25.     Denied.

26.     Denied as Villanova is without sufficient information or knowledge to respond to the averments in this paragraph.

27.     Denied as stated. Admitted only that on January 31, 2024, Plaintiff had an online meeting with Ariella Robbins (then-Associate Director of Education & Training for the Office of Diversity, Equity and Inclusion) and was informed of options for reporting concerns under established University policies and procedures. The remaining averments in this paragraph are denied.

28.     Denied as stated. Admitted only that on January 31, 2024, Plaintiff had an online meeting with Ariella Robbins (then-Associate Director of Education & Training for the Office of Diversity, Equity and Inclusion) and was informed of options for reporting concerns under established University policies and procedures. The remaining averments in this paragraph are denied.

29.     Admitted in part, denied in part. Admitted only that on February 2, 2024, Villanova received an anonymous (at the time) EthicsPoint complaint, which is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize that EthicsPoint complaint in a manner that is inconsistent with its complete substance. The remaining averments in this paragraph are denied.

30.     Denied as stated. Admitted only that on January 31, 2024, Plaintiff sent an email to Ariella Robbins (then-Associate Director of Education & Training for the Office of Diversity, Equity and Inclusion). Plaintiff's email is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize

that email in a manner that is inconsistent with its complete substance.  The remaining averments in this paragraph are denied.

31.     Denied as stated. Admitted only that on February 16, 2024, Plaintiff sent an email to Andrew Lund (Associate Dean of Academic Affairs of Law School) and nine other individuals at the Law School. Plaintiff's email is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize that email in a manner that is inconsistent with its complete substance.  The remaining averments in this paragraph are denied.

32.     Denied as stated. Admitted only that on February 22, 2024, Plaintiff met with Ann Juliano (Professor of Law). The remaining averments in this paragraph are denied.

33.     Denied as stated. Admitted only that on February 22, 2024, Plaintiff met with Ann Juliano (Professor of Law). The remaining averments in this paragraph are denied.

34.     Denied. To the contrary, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation.  At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

35.     Denied. To the contrary, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation.  At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

36.     Denied. To the contrary, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation.  At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

37.     Admitted. By way of further answer, on June 5, 2024, Jennifer Derry (Assistant Vice President of HR) and Aisha Faust (Senior Employee and Labor Relations Specialist, HR) met with Plaintiff to interview her as part of Villanova's investigation into two separate sets of law student complaints received about Plaintiff's conduct.

38.     Admitted in part, denied in part.  Admitted only that Villanova received two separate sets of law student complaints about Plaintiff's conduct and, as a result, conducted an investigation into the students' concerns. By way of further response, the student complaints related to Plaintiff's conduct with student witnesses who were in her class and were involved in Villanova's investigation of the EthicsPoint complaint; and independently, Plaintiff's conduct during a law student trip that she organized. To the extent the student complaints were made in writing, such writings speak for themselves, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize written student complaints in a manner that is inconsistent with their complete substance.  The remaining averments in this paragraph are denied.

39.     Denied as stated. Admitted only that Plaintiff told the investigators that she recommended that the students in her class speak with their advisor, Ann Juliano (Professor of Law), and file an EthicsPoint complaint, and that Plaintiff did not view this as pressure, but rather as a suggestion. By way of further response, Plaintiff's statement

8

to the investigators was disputed by the students. The remaining averments in this paragraph are denied.

40.    Denied as stated. Admitted only that Plaintiff told the investigators that certain students in her class approached her for guidance because they were upset about what they had heard that happened during a January 29, 2024 Public Interest Fellowship Program scholarship meeting. Further, admitted only that Plaintiff told investigators that she recommended that the students speak with their advisor, Ann Juliano (Professor of Law), and file an EthicsPoint complaint. By way of further response, Plaintiff's statement to the investigators was disputed by the students. The remaining averments in this paragraph are denied.

41.    Denied as stated. Admitted only that Jennifer Derry (Assistant Vice President of HR) informed Plaintiff that the findings of the HR investigation would be provided to the Provost's Office, who would determine the outcome of the investigation.

42.    Denied as stated. Admitted only that Plaintiff was given a full opportunity to respond to the allegations with information and documentation during the investigation. The remaining averments in this paragraph are denied. Villanova specifically denies Plaintiff's characterization of the student complaints as false accusations.

43.    Denied as stated. Admitted only that on June 6, 2024, Plaintiff sent an email to Jennifer Derry (Assistant Vice President of HR) and Aisha Faust (Senior Employee and Labor Relations Specialist, HR). Plaintiff's email is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize that email in a manner that is inconsistent with its complete substance.  The remaining averments in this paragraph are denied.

9

44.     Denied as stated. Admitted only that on June 10, 2024, Jennifer Derry (Assistant Vice President of HR) sent an email to Plaintiff. Jennifer Derry's email is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize this email in a manner that is inconsistent with its complete substance.  The remaining averments in this paragraph are denied.

45.     Denied as stated. Admitted only that on June 10, 2024, Jennifer Derry (Assistant Vice President of HR) sent an email to Plaintiff. Jennifer Derry's email is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize this email in a manner that is inconsistent with its complete substance.  The remaining averments in this paragraph are denied.

46.     Denied as stated. Admitted only that on June 11, 2024, Jennifer Derry (Assistant Vice President of HR) sent an email to Plaintiff. Jennifer Derry's email is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize that email in a manner that is inconsistent with its complete substance.  The remaining averments in this paragraph are denied.

47.     Admitted.

48.     Denied as stated. Admitted only that Plaintiff sent an email on June 25, 2024 to the individuals listed. Plaintiff's email is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize that email in a manner that is inconsistent with its complete substance.  The remaining averments in this paragraph are denied.

49.     Denied as Villanova is without sufficient information or knowledge to respond to the averment in this paragraph.

50.     Admitted in part, denied in part. Villanova admits only that it terminated Plaintiff's employment on July 30, 2024. The letter is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize that letter in a manner that is inconsistent with its complete substance.  The remaining averments in this paragraph are denied.

51.     Denied as stated. The letter is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize that letter in a manner that is inconsistent with its complete substance.  The remaining averments in this paragraph are denied.

52.     Denied.

53.     Denied as stated. Admitted only that Plaintiff sent an email on July 31, 2024 to the individuals listed. The email is a writing that speaks for itself, and Villanova denies any allegations in this paragraph that seek to paraphrase or characterize that email in a manner that is inconsistent with its complete substance.  The remaining averments in this paragraph are denied.

54.     Denied as Villanova is without sufficient information or knowledge to respond to the averment in this paragraph.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse

or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

59.     Denied.

60.     Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

61.     Denied.

62.     Denied.

63.     Denied as stated.

64.     Denied.

65.     Denied.

66.     Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

67.     Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times

hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

68.    Denied.

69.    Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

70.    Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

71.    Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

## COUNT I - TITLE VII

72.    Villanova incorporates by reference the foregoing paragraphs as fully set forth at length therein.

73.    Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

74.    Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

75.    Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

76.    Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times

14

hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

77.   Denied as Villanova is without sufficient information or knowledge to respond to the averment in this paragraph.

WHEREFORE, Villanova respectfully requests judgment in its favor and against Plaintiff, plus attorneys' fees, costs, and any further relief deemed appropriate by this Court.

## COUNT II - SECTION 1981

78.   Villanova incorporates by reference the foregoing paragraphs as fully set forth at length therein.

79.   Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

80.   Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of

retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

81.     Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

82.     Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

83.     Denied as Villanova is without sufficient information or knowledge to respond to the averment in this paragraph.

## COUNT III - PHRA

84.     Villanova incorporates by reference the foregoing paragraphs as fully set forth at length therein.

85.     Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of

16

retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

86.    Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

87.    Denied as conclusions of law to which no response is required. To the extent a response is required, denied.  By way of further response, at all material times hereto, Villanova treated Plaintiff fairly and lawfully and any employment action, adverse or not, was lawful and related to a legitimate business decision and not because of retaliation. At no time relevant hereto was Villanova motivated by Plaintiff's complaint(s) of race discrimination.

88.    Denied as Villanova is without sufficient information or knowledge to respond to the averment in this paragraph.

## **RELIEF**

Answering Plaintiff's prayer for relief and each of its subparts, Villanova's responses set forth in paragraphs 1 through 88 above are incorporated by reference as if set forth herein at length. By way of further response, Villanova denies that Plaintiff is entitled to any of the relief requested or any relief whatsoever.

WHEREFORE, Defendant Villanova University respectfully requests judgment in its favor and against Plaintiff, plus attorneys' fees, costs, and any further relief deemed appropriate by this Court.

## VILLANOVA'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for monetary relief is barred to the extent that she failed to mitigate her damages or suffered no damages.  In the alternative, to the extent Plaintiff has mitigated any alleged damages, Villanova is entitled to a set-off for any such savings.

### THIRD AFFIRMATIVE DEFENSE

At all relevant times, Villanova made good faith efforts to comply with Title VII, Section 1981, and the PHRA.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant to Plaintiff's claims herein, Villanova acted in a lawful manner and did not engage in any unlawful practices or violate any law and/or statute.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all alleged actions of Villanova were proper, privileged, justified and undertaken in good faith.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for compensatory or punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because Villanova did not engage in any practice with actual malice or reckless, wanton or willful disregard for Plaintiff's rights.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to exhaust internal or external administrative remedies.

### TENTH AFFIRMATIVE DEFENSE

No impermissible factor played any role whatsoever in any adverse employment action. Moreover, even if some impermissible motive were a factor which Villanova denies, Villanova would have made the same decision(s) for legitimate business reasons.

### ELEVENTH AFFIRMATIVE DEFENSE

At all material times, Villanova's actions were based upon legitimate, non-retaliatory, and non-pretextual business reasons and upon reasonable factors other than Plaintiff's complaint(s) of race discrimination.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or loss, such damages or loss were not caused by any wrongful or intentional conduct on the part of Villanova.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish that she suffered any damages as a direct or proximate result of any actions or omissions on behalf of Villanova.

## FOURTEENTH AFFIRMATIVE DEFENSE

At all times, Plaintiff was treated the same as all other similarly situated employees.

## FIFTEENTH AFFIRMATIVE DEFENSE

This Court is without jurisdiction over all alleged acts of retaliation that were not stated in Plaintiff's Complaints filed with the PHRC and the EEOC.

## SIXTEENTH AFFIRMATIVE DEFENSE

Villanova did not engage in extreme or outrageous behavior and did not cause any emotional, psychological or mental distress upon Plaintiff.

## SEVENTEEN AFFIRMATIVE DEFENSE

Plaintiff's Title VII, Section 1981, and PHRA claims are frivolous, unreasonable, and without foundation; and therefore, Villanova is entitled to an award of attorneys' fees.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages in the Complaint, in whole or in part, are barred or limited under Title VII, Section 1981, and the PHRA.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages are limited pursuant to the doctrine of after-acquired evidence.

## TWENTIETH AFFIRMATIVE DEFENSE

Villanova reserves the right to assert further defenses as they become apparent through discovery or investigation.

WHEREFORE, Defendant Villanova University respectfully requests judgment in its favor and against Plaintiff Stephanie Sena, plus attorneys' fees, costs, and any further relief deemed appropriate by this Court.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: April 6, 2026

*/s/ Jessica A. Rickabaugh*
Joe H. Tucker, Jr., Esquire
Jessica A. Rickabaugh, Esquire
Yuliya Khromyak, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
*Attorneys for Defendant Villanova University*

## CERTIFICATE OF SERVICE

I, Jessica A. Rickabaugh, Esquire, certify that on April 6, 2025, I caused a copy of

the foregoing Answer and Affirmative Defenses to be electronically filed through the

Court's ECF System and that a notice of electronic filing will be generated to all counsel

of record, thereby constituting service of the document, including:

Kevin Console, Esquire
Holly W. Smith, Esquire
Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
*Attorneys for Plaintiff Stephanie Sena*

**TUCKER LAW GROUP, LLC**

Date: April 6, 2025

/s/ Jessica A. Rickabaugh
Jessica A. Rickabaugh, Esquire