**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHANIE SENA,<br>                    Plaintiff, | :<br>: CIVIL ACTION<br>: |
| v. | : No. 2:26-CV-00679<br>: |
| VILLANOVA UNIVERSITY,<br>                    Defendant. | :<br>:<br>: |

**STATUS REPORT**

In accordance with this Court's Order of May 20, 2026 (Doc. No. 15), counsel for the parties conferred and submit the following report for the court's consideration:

1. **Is the case ready for trial?  If not, why not?**
   No.  A Rule 16 conference has not yet been held in this matter.  The parties are jointly requesting time to mediate this case prior to setting a schedule for formal discovery.

2. **What discovery has been completed and what remains to be done?**
   The parties have exchanged initial disclosures, and wish to engage in mediation prior to undertaking the expense of additional formal discovery.

   This matter is an alleged employment discrimination case involving several threshold issues that the parties anticipate requesting this Court to rule on should formal discovery be necessary:
   - The underlying facts involve allegations of multiple student complaints regarding Plaintiff, which Defendant claims form the basis of its stated reason for Plaintiff's termination.  The parties have discussed how to address Defendant's student privacy concerns and Defendant's potential obligations under state and federal privacy laws.  If this case proceeds to discovery, Defendant will request that this Court decide whether and to what extent Defendant may de-identify certain student information in discovery, or whether Defendant must disclose this information to allow for full and complete discovery.
   - Plaintiff will seek more than 10 depositions permitted under Fed.R.Civ.P 30(a)(2)(A)(i) as Plaintiff contends that there are more than 10 relevant witnesses who Plaintiff will need to depose, including various students who Defendant claims complained about Plaintiff, in order to fairly prepare this case for jury trial.  Defendant does not agree that more than 10 depositions are necessary in this single-individual alleged employment discrimination case.
   - Plaintiff has stated an intent to take student depositions, as Defendant has claimed that students complained about Plaintiff, resulting in her termination shortly after Plaintiff's alleged protected activity. Plaintiff's position is that she is entitled to depose those adult student witnesses to determine if Defendant's allegations are accurate and determine whether Defendant's stated reason

1

withstands basic discovery scrutiny. Defendant believes such discovery is unnecessary because the students neither investigated complaints against Plaintiff nor were decision-makers.  Defendant contends that there is no benefit to deposing the students except for Plaintiff to attempt to dispute their complaints about her or intimidate the students into retracting their reports to Defendant.  Because Defendant's processes for reporting employee misconduct are confidential, depositions of the students would undermine future reporting.

3. **Will the parties benefit from a settlement conference?  If so, when will you be ready?**
   The parties have decided to pursue private mediation, which is scheduled for July 28, 2026 with the Honorable Thomas J. Rueter.

4. **Do the parties consent to the jurisdiction of a magistrate judge?**
   No.

Dated:  June 16, 2026

Respectfully submitted,

| | |
|---|---|
| /s/ Kevin Console | /s/ Jessica Rickabaugh |
| Kevin Console, Esq. | Joe H. Tucker, Esq. |
| Holly Smith, Esq. | Jessica Rickabaugh, Esq. |
| CONSOLE MATTIACCI LAW, LLC | TUCKER LAW GROUP, LLC |
| 1525 Locust St., 9th Floor | 1801 Market Street |
| Philadelphia, PA 19102 | Philadelphia, PA 19103 |
| hollysmith@consolelaw.com | jtucker@tlgattorneys.com |
| kevinconsole@consolelaw.com | jrickabaugh@tlgattorneys.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |